<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| UNITED STATES LIABILITY | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 16-887-BRM-LHG |
| v. | : | |
| | : | |
| DR. TODD SINGER, SCOTT SINGER, | : | |
| and REGNIS MANAGEMENT, L.L.C., | : | |
| | : | **OPINION** |
| Defendants. | : | |

_____

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a motion to dismiss or remand filed by Defendants Dr. Todd Singer, Scott Singer (together, the "Singers"), and Regnis Management, L.L.C. ("Regnis") (collectively, "Defendants") requesting the Court decline to exercise jurisdiction over Plaintiff United States Liability Insurance Company's ("Plaintiff") claims under the Declaratory Judgment Act (the "DJA"), 28 U.S.C. §§ 2201-2202. (Dkt. No. 11.) Plaintiff opposes this motion. (Dkt. No. 15.) For the reasons set forth herein, Defendant's motion to dismiss is **GRANTED**.

### I. BACKGROUND

Plaintiff seeks a declaratory judgment interpreting the rights and obligations of the parties under a certain Private Company Management Liability Policy, number CD 1006947C (the "Liability Policy"), issued by Plaintiff to BDC Management Services, LLC for the period May 10, 2015 to May 10, 2016. (Compl. (Dkt. No. 1) at ¶ 1.) Dr. Todd Singer is a dentist, who

allegedly owns or owned several dental practices located in New Jersey. (*Id.* at ¶ 8.) According to the Complaint, BDC Management Services, LLC, was formed to manage these dental practices. (*Id.* at ¶ 13.) Plaintiff alleges that Scott Singer served as the CEO of BDC Management Services, LLC, and Dr. Todd Singer was either an officer or director of the company. (*Id.* at ¶¶ 14-15.) According to the pleadings, Regnis (f/k/a BDC Management, LLC) is a separate dental management company owned and/or operated by the Singers. (*Id.* at ¶ 9.)

On June 22, 2015, BDC Management Services, LLC, along with BDIP, LLC, BDIP Holdings, Inc., and Topspin Partners LBO, LP, filed a lawsuit against the Singers, Regnis, and certain affiliated dental practices for, *inter alia*, damages arising from alleged fraud and breach of contract in the Supreme Court of the State of New York, County of New York captioned *BDC Management Services, LLC, et al. v. Singer, et al.*, Index No. 652217/2015 (the "Underlying Action"). (*Id.* at ¶ 16.) Pursuant to the Liability Policy, Plaintiff initially agreed to defend the Singers in the Underlying Action. (*Id.* at ¶ 17.) By letter dated October 23, 2015, however, Plaintiff advised the Singers there was no coverage for the claims asserted against them by BDC Management Services, LLC, based on an "insured vs. insured" exclusion contained in the Liability Policy. (*Id.* at ¶ 19.) Subsequently, Plaintiff received information indicating that BDIP, LLC, BDIP Holdings, Inc., and Topspin Partners LBO, LP had sufficient ownership interests in BDC Management Services, LLC such that any claims by these entities against the Singers would fall within a "percentage shareholder" exclusion in the Liability Policy. (*Id.* at ¶¶ 22, 38-42.)

Consequently, on February 18, 2016, Plaintiff filed the present action seeking a declaration that it was not obligated under the Liability Policy to defend or indemnify the Singers for any claims asserted against them in the Underlying Action. (Dkt. No. 1 at ¶¶ 32-

42.) Additionally, Plaintiff seeks a declaration that Regnis is not an insured entity under the Liability Policy and, therefore, Plaintiff has no obligation to defend or indemnify Regnis for the claims asserted against it in the Underlying Action. (*Id.* at ¶¶ 43-45.)

Defendants move to dismiss the case or remand it to state court, arguing that the Court should decline to exercise its discretionary jurisdiction over the matter because, among other reasons, a parallel action is now pending in the Superior Court of New Jersey, Law Division, Somerset County, captioned *Selective Insurance Co. of America, et al., v. Singer, et al*., Civ. No. SOM-L-464-16 (the "State Coverage Action").

The State Coverage Action was brought by Selective Insurance Company of America, and various affiliated companies (collectively, "Selective") on March 9, 2016, seeking a declaratory judgment that Selective has no duty to defend or indemnify Defendants and their associated dental practices for claims asserted against them in various lawsuits, including the Underlying Action, pursuant to the manifold commercial general liability insurance policies that Selective issued to these parties. (Defs.' Mot. to Remand or Dismiss, Ex. A, State Coverage Action Am. Compl. For Declaratory J. (Dkt. No. 11-2) at 1-3.) In mid-May 2016, Foremost Signature Insurance Company ("Foremost") joined the State Coverage Action as a plaintiff, also seeking a declaration with respect to its obligation to defend or indemnify Defendants and related dental practices in the Underlying Action, among other lawsuits. (*Id.*)

On June 2, 2016, Defendants answered and joined Plaintiff as a third-party defendant in the State Coverage Action. (Defs.' Mot. to Remand or Dismiss, Ex. B, State Coverage Action Answer to Am. Compl., Countercls. and Third Party Compl. (Dkt. No. 11-2) at 23-28.) In their third-party complaint, Defendants seek a declaration that the Liability Policy obligates Plaintiff to defend and indemnify Defendants for the claims asserted against them in the Underlying

3

Action. (*Id.*) Plaintiff has been served in the State Coverage Action but, by consent of the parties, its deadline to answer the claims against it has been held in abeyance pending this Court's ruling on the instant motion.

Plaintiff opposes the motion to dismiss or remand, arguing, among other things, that dismissal is not appropriate because the State Coverage Action is not "parallel" to the this case. For the reasons set forth below, the motion to dismiss is **GRANTED**.[1]

## II.   LEGAL STANDARD

In general, the party "asserting jurisdiction[] bear[s] the burden of proving that jurisdiction exists." *Castro v. United States Dep't of Homeland Sec.*, Civ. No. 16-1339, 2016 U.S. App. LEXIS 15926, at *16 (3d Cir. Aug. 29, 2016) (marks omitted) (quoting *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012)). However, a motion requesting that a district court decline to exercise jurisdiction over a DJA claim does not implicate a defect in federal subject matter jurisdiction. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 133 (3d Cir. 2014). Rather, the decision to exercise jurisdiction over DJA claims is committed to the "substantial discretion" of the district court, as informed by a list of factors enumerated by the Third Circuit. *Id.* at 137-48.

## III.   DECISION

The DJA provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). "The Supreme Court has long held that this confers discretionary, rather than compulsory,

---

[1] Because this action was originally filed in this Court, and not removed from state court, it cannot be "remanded" and the appropriate remedy is dismissal in favor of the State Coverage Action.

jurisdiction upon federal courts." *Reifer*, 751 F.3d at 134 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). This is in stark contrast to the general rule that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Reifer*, 751 F.3d at 134 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). Nonetheless, although the DJA confers on district courts a "unique and substantial discretion," the exercise of that discretion must be "sound and reasoned." *Reifer*, 751 F.3d at 139.

The DJA is commonly invoked by insurance companies "to seek a declaratory judgment on a purely state law matter" in federal court based on diversity subject matter jurisdiction. *Id.* at 141. In response to such cases, the Third Circuit has previously observed that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000). Consequently, it became common practice for district courts "to decline to exercise jurisdiction over declaratory judgment actions, involving an insurance company, that are solely brought on diversity, and have no federal question or interest." *Reifer*, 751 F.3d at 142. In *Reifer*, however, the Third Circuit cautioned against "declining jurisdiction *per se*" in such cases, because a "wholesale, 'revolving door' dismissal of such cases" would evidence neither sound nor reasoned discretion. *Id.* at 147 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) and *Bituminous Coal Operators' Assoc., Inc. v. Int'l Union, United Mine Workers of Am.*, 585 F.2d 586, 596 (3d Cir. 1978)) (additional citations omitted). Instead, the Third Circuit instructed district courts to consider a number of factors when determining whether to exercise jurisdiction over such declaratory judgment actions, including:

> (1)  the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2)  the convenience of the parties;

(3)  the public interest in settlement of the uncertainty of obligation;

(4)  the availability and relative convenience of other remedies;

(5)  a general policy of restraint when the same issues are pending in a state court;

(6)  avoidance of duplicative litigation;

(7)  prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and

(8)  (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146.

Importantly, "[t]he existence of pending parallel state proceedings militates significantly in favor of declining jurisdiction, although it alone does not require doing so." *Id.* at 144-45. As such, when a parallel proceeding exists, a district court should decline to exercise jurisdiction unless the district court has "rigorous[ly] ensur[ed] [itself] that the existence of pending parallel state proceedings is outweighed by opposing factors." *Id.* at 145.

### a.  Existence of a Parallel State Proceeding

The Third Circuit defines a parallel proceeding as "another proceeding . . . pending in a state court in which all the matters in controversy between the parties could be fully adjudicated." *Id.* at 137 n.9 (quoting *Brillhart*, 316 U.S. at 495). The parties in the two actions need not be completely identical in order to be parallel, but rather a "substantial identity of parties and claims" must exist. *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 306 (3d Cir. 2006). In the context of insurance coverage actions, even when the coverage issue is not presently before the state court, a state action will still be deemed parallel if the coverage issue "will as a matter of logic necessarily arise before the matter is concluded in state court." *Atl. Mut. Ins. Co. v. Gula*, 84 F. App'x 173, 175 (3d Cir. 2003).

6

Here, the parties dispute whether the State Coverage Action should be considered a parallel proceeding. Plaintiff argues that the State Coverage Action does not fall under the Third Circuit's broad definition because "[t]hat complicated action addresses completely different policies, insureds and coverage issues" and "this Court can make a determination with regard to the narrow issues present here without any possibility of conflict with the State Coverage Action." (Dkt. No. 15 at 1.) The mere fact that a federal action and state action potentially may not conflict, however, does not compel a finding that the actions are not parallel proceedings. Rather, a state action is parallel to a federal action if "all the matters in controversy between the parties *could* be fully adjudicated" in the state action. *Reifer*, 751 F.3d at 137 n.9 (emphasis added). Indeed, a case may be parallel, even if the matters in controversy are not currently before the state court, if as a matter of logic it will necessarily arise in the state action. *See Atl. Mut. Ins. Co.*, 84 F. App'x at 175; *see also Owen v. Hartford Ins. Co.*, Civ. No. 14-924 (RBK/JS), 2014 U.S. Dist. LEXIS 82172, at *18 (D.N.J. June 17, 2014) (finding underlying state tort action parallel to federal DJA case brought by insurer because "insurance coverage issues quite clearly could be adjudicated in the underlying litigation, and thus [it] should be considered a parallel proceeding"); *Firemen's Ins. Co. v. B.R. Kreider & Son, Inc.*, Civ. No. 14-6065, 2016 U.S. Dist. LEXIS 39567, at *19 (E.D. Pa. Mar. 24, 2016) (same); *Kelly v. Maxum Specialty Ins. Grp.*, Civ. No. 14-7149, 2015 U.S. Dist. LEXIS 132221, at *12 (E.D. Pa. Sep. 29, 2015) (same).

The Court finds the State Coverage Action clearly falls within the Third Circuit's definition of a parallel action. All the issues to be decided in this case are squarely before the state court through Defendants' third-party complaint in the State Coverage Action. It is indisputable that the Superior Court of New Jersey can fully adjudicate all the matters in

controversy between the parties here through resolution of that third-party complaint. Just as the State Coverage Action can resolve Selective and Foremost's pleas for declaratory judgment regarding those of their insurance policies that were implicated by the Underlying Action, so too can the State Coverage Action fully adjudicate Plaintiff's claims regarding its duties under the Liability Policy vis-à-vis the Underlying Action. Moreover, the parties' claims in the State Coverage Action share a significant nexus of fact and law to those here, as they all involve insurers' obligations to defend or indemnify Defendants in the Underlying Action.

For these reasons, the Court finds that the State Coverage Action is a parallel proceeding to the present action. This finding creates a presumption against exercising jurisdiction over the present action.

### b.    Other *Reifer* Factors

Having concluded that there is a pending parallel state court proceeding, the Court must next determine if the relevant *Reifer* factors outweigh the presumption that the Court should decline jurisdiction. The Court finds that they do not.

The first factor is whether a federal court declaration will resolve the uncertainty of the obligation which gives rise to the controversy. While a federal court declaration could resolve uncertainty about the parties' rights and obligations under the Liability Policy, a state court declaration could do so as well. The claims here—including the request for declaratory judgment—are made under state law, and a state forum can resolve the issues the same as a federal court. In that regard, none of the parties assert that this action involves unsettled areas of state law. Nonetheless, Defendants argue that "a larger controversy exists that will not be completely resolved by a ruling in this action," because if this court and the state court determine that multiple insurers are obliged to defend and/or indemnify Defendants in the

Underlying Action, a dispute may arise between the insurers as to their relative contribution responsibilities. (Defs.' Mot. to Remand or Dismiss (Dkt. No. 11-1) at 10-11.) The Court disagrees with Defendants' focus on this *Reifer* factor. The obligations at issue here are Plaintiff's obligations to Defendants, not Plaintiff's potential contribution obligations to Selective or Foremost. Uncertainties regarding such extraneous obligations are inapposite to the decision to exercise jurisdiction over the instant case. Thus, contrary to Defendants' assertions, this first *Reifer* factor is a neutral one.

The second factor is the convenience of the parties. The parties do not dispute that both the federal and state forums are equally accessible to all parties and that neither action has proceeded significantly past initial filings. However, Plaintiff asserts that it would be severely inconvenienced if this matter was dismissed, because if it is "required to litigate its separate and narrow issues in conjunction with the more complex and numerous issues in the State Coverage Action, a determination of its rights will take longer, forcing [Plaintiff] to expend larger sums in the defense of the Defendants." (Dkt. No. 15 at 6.) Defendants counter that splitting Plaintiff, Selective, and Foremost's claims into two separate actions "is less convenient and more expensive for the parties and the Courts involved than the single action now pending in the Superior Court of New Jersey in which all relevant issues can be and are being raised." (Dkt. No. 11-1 at 4.) No matter which forum this dispute is litigated in, all parties will face some degree of inconvenience; on the one hand, Plaintiff will likely be inconvenienced by having to resolve its claims together with the other insurers, while, on the other hand, Defendants will likely be inconvenienced if they have to defend two overlapping cases simultaneously. *C.f. Sumner v. Tompkins Ins. Agencies, Inc.*, Civ. No. 16-2218, 2016 U.S. Dist. LEXIS 78379, at *34-35 (E.D. Pa. June 15, 2016) ("[T]he convenience of the parties is surely served by

adjudicating the overlapping cases in one forum. This is particularly true in light of the fact that the state court and federal court share the same geographic region, thereby precluding any argument that there is a great geographical convenience served by keeping one case in federal court."). Balancing these interests against each other, the Court finds the second *Reifer* factor to be neutral.

The third factor considers the public interest in settlement of the uncertainty of obligation. The parties agree that there is no significant public interest that this case be resolved in federal court. Indeed, other courts in this circuit have found "there is no federal interest involved in [cases] concern[ing] purely questions of state law." *1100 Adams St. Condo. Ass'n v. Mt. Hawley Ins. Co.*, Civ. No. 14-2203 (SDW), 2014 U.S. Dist. LEXIS 147145, at *16 (D.N.J. Oct. 15, 2014); *see also Kelly*, 2015 U.S. Dist. LEXIS 132221, at *14 ("A declaration by a state court on state law would better serve the public interest because a state court is better suited to adjudicate state law claims in the first instance when able to do so."). Therefore, the third *Reifer* factor weighs against exercising jurisdiction over the present action.

The fourth factor is the availability and relative convenience of other remedies. This factor weighs in favor of dismissal because the New Jersey Declaratory Judgment Act, N.J.S.A. §§ 2A:16-52 – 54, allows for substantially similar relief to that provided by the DJA. *See NL Indus., Inc. v. N.J. Dept. of Enviromental Prot.*, 397 N.J. Super. 127, 131 (App. Div. 2007) ("This statute empowers the courts to declare rights, status and other legal relations to afford litigants relief from uncertainty and insecurity. Its purpose is to end uncertainty concerning the legal rights and relations of parties before they have suffered ineradicable damage or injury for which only a compensatory or coercive remedy can provide redress.") (citations and quotations omitted).

Because the Court has determined that the State Coverage Action is a parallel proceeding, the fifth and sixth factors, a general policy of restraint when the same issues are pending in a state court and avoidance of duplicative litigation, both weigh in favor of dismissal.

The seventh factor seeks to prevent use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*. Neither party argues that concerns about forum shopping weigh heavily in this case, either in favor or against exercising jurisdiction over this case.

Finally, as to the eighth factor, there is an inherent conflict of interest between Plaintiff's duty to defend the Singers in state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion. Accordingly, this factor militates in favor declining jurisdiction over this case.

In sum, each of the *Reifer* factors are either neutral or weigh in favor of declining to exercise jurisdiction over this case. Therefore, these factors do not do not outweigh the strong presumption against jurisdiction in light of the pending State Coverage Action. Consequently, the Court dismisses this case without prejudice.

### IV.   CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss or remand is **GRANTED**. Accordingly, this matter is dismissed without prejudice and the case is closed. An appropriate order will follow.

Date: October 6, 2016                                      */s/ Brian R. Martinotti*_____
                                                                          **HON. BRIAN R. MARTINOTTI**
                                                                          **United States District Judge**